UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| No. | CV 22-2160-PA (ASx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | *Emma Jean Anderson, et al., v. Islamic Republic of Iran and National Iranian Oil Corporation* | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|

| Alma Felix | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioners: | Attorneys Present for Oaktree Capital Management, LP: |
| James P. Bonner | Bruce G. Paulsen |
| Douglas J. Rovens | Brian P. Maloney |

**Proceedings (In Chambers):** Redacted Order[1] Re: Motion to Compel Oaktree Capital Management, LP To Reclaim the Suez Rajan and its Crude Oil Cargo (Dkt. No. 81)

On May 27, 2022, Petitioners filed a motion for an examination pursuant to California Code of Civil Procedure Section 708.120(a) seeking to require non-party Oaktree Capital Management, LP ("Oaktree") to appear at an examination proceeding to determine whether (1) Respondent National Iranian Oil Company ("NIOC") owns crude oil on the crude oil tanker Suez Rajan (or the "Vessel"); (2) Oaktree controls that cargo; and (3) whether the Terrorism Risk Insurance Act of 2002 ("TRIA") entitles Petitioners to execute against those "blocked" assets. (Dkt. Nos. 22-24). The Court granted Petitioner's motion for an examination, limited to the issue of whether Oaktree has possession or control of the crude oil on the Vessel. (Dkt. No. 59).

On November 17, 2022, Petitioners and Oaktree appeared before the Court for the Third-Party Examination of Oaktree, and Martin Graham testified on behalf of Oaktree. (Dkt. Nos. 61, 66). On

---

[1] The Court concurrently files Redacted and Unredacted Orders consistent with its Orders granting the parties' applications to file portions of their memorandums and certain exhibits under seal. The Unredacted Order will be filed under seal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 22-2160-PA (ASx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | *Emma Jean Anderson, et al., v. Islamic Republic of Iran and National Iranian Oil Corporation* | | |

December 19, 2022, Petitioners filed their post-hearing memorandum regarding Oaktree's control over the Iranian oil aboard the Suez Rajan, accompanied by a compendium of transcript and selected exhibits from the November 17, 2022 examination hearing. ("Pet. Br.," Dkt. Nos. 81-82).[2] On January 18, 2023, Oaktree filed its memorandum in response to Petitioners' opening brief. ("Response," Dkt. No. 94).[3] On January 30, 2023, Petitioners filed their reply memorandum. ("Reply," Dkt. No. 103).[4]

The Court, having carefully reviewed the parties submissions, finds that Oaktree is not in possession or control of the crude oil aboard the Suez Rajan. Accordingly, Petitioners' motion for an Order compelling Oaktree to "commence the steps necessary to reclaim the Suez Rajan" and bring the oil to U.S. waters is DENIED.

California Civil Procedure Code § 708.120(a) provides that a judgment creditor may obtain information from a third party in judgment collection proceedings where the creditor has a money judgment and proof "to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest…" Following a third-party examination pursuant to this provision, a court may "may order the judgment debtor's interest in the property in the possession or under the control of the judgment debtor or the third person or a debt owed by the third person to the judgment debtor to be applied toward the satisfaction of the money judgment." Cal. Civ. Proc. Code § 708.205(a). "If a third person examined pursuant to Section 708.120. . . denies the debt and the court does not determine the matter as provided in subdivision (a) of Section 708.180, the court may not order the property or debt to be applied toward the satisfaction of the money judgment…" Cal. Civ. Proc. Code § 708.205(b). Further, if the third person examined under Section 708.120 "denies the debt, the court may, if the judgment creditor so requests, determine the interests in the property or the

---

[2]   The Court granted Petitioners' application to file portions of the memorandum and certain exhibits under seal. (Dkt. Nos. 79-80, 87). The sealed documents are filed at Dkt. Nos. 89 and 91.

[3]   The Court granted Oaktree's application to file portions of the memorandum under seal. (Dkt. Nos. 92-93, 97). The sealed document is filed at Dkt. No. 98.

[4]   The Court granted Petitioners' application to file portions of the memorandum under seal. (Dkt. Nos. 100-01, 104). The sealed document is filed at Dkt. No. 105.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 22-2160-PA (ASx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | *Emma Jean Anderson, et al., v. Islamic Republic of Iran and National Iranian Oil Corporation* | | |

existence of the debt." Cal. Civ. Proc. Code § 708.180 (a). The Court "may not make the determination provided in subdivision (a) if the third person's claim is made in good faith," and "(1) [t]he court would not be a proper court for the trial of an independent civil action (including a creditor's suit) for the determination of the interests in the property or the existence of the debt, and the third person objects to the determination of the matter under subdivision (a)," "(2) [a]t the time an order for examination pursuant to Section 708.120 is served on the third person a civil action (including a creditor's suit) is pending with respect to the interests in the property or the existence of the debt," or "(3) [t]he court determines that the interests in the property or the existence of the debt should be determined in a creditor's suit." Cal. Civ. Proc. Code § 708.180 (b); see also Evans v. Paye, 32 Cal. App. 4th 265, 279 (1995) (noting the California Supreme Court held that where a garnishee denies it has property belonging to a judgment debtor, "the only order which the Court can properly make, is one authorizing a creditor's suit") (citation and internal quotation marks omitted).

At the Examination, Mr. Graham testified that Oaktree is an investment advisor that advises investment funds, consisting of limited partners (i.e., investors) who pool their capital together to invest it in certain funds. (Response at 2, 4; Hearing Tr. at 11:8-15, 48:15-20; Hearing Ex. 6). Oaktree is a Delaware limited partnership, and its principal place of business is in Los Angeles, California. (Response at 4; Hearing Tr. at 48:15-25). The instant dispute involves the Oaktree Maritime and Transportation Fund, L.P. ("Oaktree Maritime," f/k/a Oaktree Desert Sky Investment Fund II, L.P.), which is invested in the Suez Rajan—an oil tanker built in 2011—via a number of subsidiaries. (Response at 4; Hearing Tr. at 11:16-21, 44:5-46:25; Hearing Ex. 5). Specifically, Fleetscape Suez Rajan, LLC ("FSR") owns the Suez Rajan; FSR is a wholly-owned subsidiary of Fleetscape Alma Holdings, LLC ("Fleetscape Alma"); Fleetscape Alma is a wholly-owned subsidiary of Fleetscape Capital Limited ("Fleetscape Capital"); Fleetscape Capital is a wholly-owned subsidiary of Fleetscape Capital Holdings Limited ("Fleetscape Holdings"); and Fleetscape Holdings is majority owned and controlled by Oaktree Maritime. (Response at 4-5; Hearing Tr. at 30:15-21, 44:5-46:25; Hearing Ex. 6). FSR and Fleetscape Alma are Marshall Islands limited liability companies, Fleetscape Capital and Fleetscape Holdings are Cayman Islands limited companies, and Oaktree Maritime and Oaktree are Delaware limited partnerships. (Response at 4-5; Hearing Ex. 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 22-2160-PA (ASx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | *Emma Jean Anderson, et al., v. Islamic Republic of Iran and National Iranian Oil Corporation* | | |

FSR owns the Suez Rajan pursuant to the terms of the Bareboat Charter Agreement (the "Agreement") that it entered into with Suez Rajan Limited, an unaffiliated third party and Marshall Islands entity who chartered the Suez Rajan. (Response at 4-7; Hearing Tr. at 12:9-21, 29:13-19; Hearing Ex. 3). Suez Rajan Limited is an affiliate of Empire Navigation Inc. ("Empire"), who has operated the Vessel since 2011. (Response at 5; Hearing Tr. at 29:13-19, 30:15-21; Declaration of Martin Graham ("Graham Decl."), Dkt. No. 35-1, ¶ 12). Although FSR purchased the Vessel, it agreed to "bareboat charter" the Vessel back to Suez Rajan Limited immediately after the sale. (Response at 5-6; Hearing Tr. at 11:22-12:8, 29:16-19; Hearing Ex. 3). Here, the Agreement provides that although FSR holds legal title to the Suez Rajan, the Vessel remains under Suez Rajan Limited's full possession and control. (Response at 6, 12; Hearing Tr. at 30:15-31:5, 106:1-12; Hearing Ex. 3; Graham Decl. ¶ 15). As part of the Agreement, Suez Rajan Limited appointed Empire as commercial and technical manager of the Vessel. (Response at 6-7, 11-12; Hearing Tr. at 30:22-31:5; Hearing Ex. 3, Part V, Cl. 39.1 at OCM 01378; Graham Decl. ¶ 17 and Ex. 9, Dkt. No. 35-10). As such, Empire is responsible for the day-to-day operation and management of the Vessel. (Response at 6-7, 11-12; Hearing Tr. at 30:22-31:5, 86:17-21, 106:1-12; Graham Decl. ¶¶ 18-19 and Ex. 9).

Petitioners argue that Oaktree is the owner of the Suez Rajan through a series of affiliated foreign shell companies. (Pet. Br. at 3, 8-11; Reply at 2-3). However, Oaktree contends that because it provides investment advisory services to its funds through a contractual relationship, and FSR is an indirect foreign subsidiary of the Oaktree Maritime Fund, Oaktree does not itself own FSR. (Response at 2, 4). Oaktree argues FSR is the actual owner of the Vessel, the Vessel is in the actual possession and exclusive control of Suez Rajan Limited, and FSR and Suez Rajan Limited are not subject to this Court's jurisdiction because they are foreign entities with no offices, operations, or business conducted in California. (Response at 1-2, 4-5, 10-11; Hearing Tr. at 30:15-18; Hearing Ex. 3, Part I, § 2 at OCM 01349). As such, Oaktree claims it does not have possession or control over the Vessel or its cargo. (Response at 2, 11). The Court agrees.

Although Petitioners have provided evidence that Oaktree can exercise control over FSR, they have failed to demonstrate that FSR has possession or control over the Vessel. First, the Agreement specifically indicates that Suez Rajan Limited has full possession and complete control over the Vessel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 22-2160-PA (ASx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | *Emma Jean Anderson, et al., v. Islamic Republic of Iran and National Iranian Oil Corporation* | | |

The Agreement provides: "The Owners have agreed to let and the Charterers have agreed to hire the Vessel for the Charter Period. Subject to the terms and conditions herein provided, during the Charter Period the Vessel shall be in the full possession and at the absolute disposal for all purposes of the Charterers and under their complete control in every respect." (Hearing Ex. 3, Part II, Cl. 2 at OCM 01352). The Agreement also states: "The Charterers shall at their own expense crew, victual, navigate, operate, supply, fuel, maintain and repair the Vessel during the Charter Period and they shall be responsible for all costs and expenses whatsoever relating to their use and operation of the Vessel . . ." (Hearing Ex. 3, Part II, Cl. 13(d) at OCM 01357). Second, case law supports Oaktree's position that Suez Rajan Limited, as the charterer of the Vessel, has possession and control of the Vessel during the charter period. Under a bareboat charter arrangement, "full possession and control of the vessel are delivered up to the charterer for a period of time." Reed v. S. S. Yaka, 373 U.S. 410, 412 (1963); Amoco Egypt Oil Co. v. Leonis Nav. Co., 1 F.3d 848, 850 n. 1 (9th Cir. 1993). The charterer then directs the operations of the ship, supplies the master and the crew, and makes the voyages and carries the cargo its chooses. Id. In admiralty law, the bareboat charterer is treated as the owner for many purposes and is generally called owner pro hac vice. Id.

Notwithstanding Suez Rajan Limited's current possession and control over the Vessel, Petitioners assert that Oaktree has "ultimate" control because under the Agreement, Oaktree has the right and ability to retake possession of the Vessel and its cargo. (Pet. Br. at 3, 8, 11-12; Reply at 4). According to Petitioners, the Agreement entitles Oaktree to reclaim the Suez Rajan if Suez Rajan Limited allows the Vessel to be used in a manner that violates U.S. sanctions against Iran, as it has in this instance. (Id.). The Court agrees with Oaktree that the fact it may seek to terminate the Agreement does not indicate it has possession or control over the Vessel or its contents. Rather, as Mr. Graham testified, Suez Rajan Limited could contest FSR's attempt to exercise its termination rights and litigate the matter in England, as provided for in the jurisdiction clause of the Agreement. (Response at 12-13, 22; Hearing Tr. at 106:14-107:16; Hearing Ex. 3, Part V, Cl. 82 at OCM 01500 (referring any dispute or claim arising out of or relating to the Agreement to arbitration in London, England)). As such, Oaktree does not have the unilateral right to terminate the Agreement and retake possession of the Vessel, unless it can prove in an English court of law that the Suez Rajan Limited has violated the terms of the Agreement. That the Suez Rajan Limited and Empire have actual possession and control of the Vessel and its cargo is further

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 22-2160-PA (ASx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | *Emma Jean Anderson, et al., v. Islamic Republic of Iran and National Iranian Oil Corporation* | | |

reinforced by the fact that Oaktree could not attempt to reclaim the Vessel without facing significant legal exposure.

Petitioners contend that Oaktree's argument that FSR cannot terminate the Agreement without legal risk is undermined by the fact that Suez Rajan Limited has not attempted to deliver the cargo on the Vessel. (Pet. Br. at 22-23; Reply at 6). Petitioners argue this shows Suez Rajan Limited concedes that transporting the crude oil violates the Agreement's sanctions provision, and Oaktree has the legal right to prevent them from delivering it. (Id.). However, Oaktree does not have the authority to order Suez Rajan Limited to take certain actions, as demonstrated by Oaktree's response following the U.S. government's investigation into the allegations that the Vessel was carrying Iranian oil. (Hearing Ex. 45 at OCM 09995-96). Oaktree explained it had serious concerns that Suez Rajan Limited and Empire would not comply with the U.S. government, and thus worked with consultants to evaluate Oaktree's potential liability and methods of recourse. (Hearing Tr. at 82:5-17, 85:23-87:6, 88:18-90:5, 107:17-108:3). Ultimately, Suez Rajan Limited and Empire voluntarily cooperated with the U.S. government, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ But there is no evidence that Suez Rajan Limited and Empire are cooperating because they agree they have violated the Agreement, or that they would not contest Oaktree's efforts to terminate the Agreement.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 22-2160-PA (ASx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | *Emma Jean Anderson, et al., v. Islamic Republic of Iran and National Iranian Oil Corporation* | | |

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
██████████████████████████ Rather, as discussed <u>supra</u>, Oaktree would not be able to retake possession of the Vessel without sufficient evidence under English law that the cargo onboard the Vessel is contraband. (<u>Id.</u>).[5]

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████ Oaktree ██████████████████ requested that Empire halt the Vessel's voyage and remain in its current position off the coast of Singapore until the matter is resolved. (Hearing Tr. at 39:10-25; Hearing Ex. 34). ████████████████████████

---

[5] ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | CV 22-2160-PA (ASx) | Date | March 3, 2023 |
|---|---|---|---|
| Title | *Emma Jean Anderson, et al., v. Islamic Republic of Iran and National Iranian Oil Corporation* | | |

███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████████████████████████████████████████████
███████████████

Finally, even if Oaktree was able to successfully terminate the Agreement, Petitioners have failed to demonstrate that any termination of the Agreement would provide a means by which Oaktree could seize the cargo onboard the Vessel. Oaktree has disclaimed any ownership interest in the cargo or any other contents aboard the Vessel. (See Response at 5, 16 n. 9). In addition, the "Termination Event" provisions of the Agreement do not indicate that Oaktree would be entitled to keep cargo aboard the Vessel if it could successfully terminate the Agreement. (See Hearing Ex. 3, Part V, Cl. 63 at OCM 01487-90).

The Court thus finds that Oaktree does not have possession or control of the crude oil aboard the Vessel, and Petitioners' motion for an Order compelling Oaktree to take steps necessary to repossess the Vessel and bring it in into U.S. territory is DENIED.

Petitioners are directed to serve Respondents and Oaktree with this Order and to file a proof of service with the Court no later than five (5) days from the date of this Order.

**IT IS SO ORDERED.**

cc:   Percy Anderson
      United States District Judge

_____ : 00
Initials of Preparer _____